UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| J. D., *a minor, by his mother*, K.D., | ) ) ) |
| Plaintiff, | ) ) |
| vs. | )  No. 1:16-cv-02843-JMS-TAB ) |
| NANCY A. BERRYHILL, *Acting Commissioner of Social Security Administration*, | ) ) ) ) ) |
| Defendant. | ) |

## ENTRY REVIEWING THE COMMISSIONER'S DECISION

Plaintiff K.D.,[1] on behalf of J.D., a minor, appeals the denial of J.D.'s application for supplemental security income ("SSI") benefits. K.D. applied for benefits on J.D's behalf on June 25, 2013. [Filing No. 5-5 at 3.] The claim was initially denied in August 13, 2013, [Filing No. 5-4 at 2], and upon reconsideration on September 26, 2013, [Filing No. 5-4 at 10]. Administrative Law Judge ("ALJ") Albert Velazquez held a hearing on March 30, 2015, and issued a decision on April 17, 2015, concluding that J.D. was not disabled. [Filing No. 5-2 at 12-24.] The Appeals Council denied a request for review, rendering the ALJ's decision the final decision of the Commissioner of the Social Security Administration ("Commissioner") for the purposes of this review. [Filing No. 5-2 at 2.] K.D. filed this action on behalf of J.D. under 42 U.S.C. § 405(g), requesting that the Court review the ALJ's denial. [Filing No. 1.]

---

[1] To protect the minor claimant's privacy pursuant to Federal Rule of Civil Procedure 5.2, the Court will also refer to the plaintiff pursuing this action on J.D.'s behalf by her initials.

1

# I.
## APPLICABLE STANDARD OF REVIEW

"Social security disability benefits are designed for disabled workers, but low-income parents or guardians may obtain them on behalf of disabled children as well." *Keys v. Barnhart*, 347 F.3d 990, 991 (7th Cir. 2003). For a child to be considered disabled, it must be shown that the child "has a medically determinable physical or mental impairment, which results in marked and severe functional limitations, and which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 1382c(a)(3)(C)(i).

"[S]ince disabled children generally do not have a work history, the structure of the disability program for them is necessarily different from that for adults, except in cases in which the child has a 'listed impairment,' that is, an impairment that would entitle the adult to disability benefits without any further inquiry into his ability to perform his past work or some other work; the child is treated the same in such a case." *Keys*, 347 F.3d at 991-92 (citing 20 C.F.R. § 416.924(d)). If the child is "not so seriously disabled as is implied by being found to have a listed impairment, then it must be determined whether [the child] is nevertheless severely limited in functioning in specified areas of life activity such as concentration and communication." *Keys*, 347 F.3d at 992.

To determine whether the child is disabled, the ALJ considers all relevant evidence and the combined effect of any impairments on the child's overall health and functioning. 20 C.F.R. § 416.924(a). The regulations set forth a three-step process for evaluating child disability claims. 20 C.F.R. § 416.924(a).

At Step One, if the child is doing substantial gainful activity, as defined by the regulations, the child is not disabled and the evaluation stops. 20 C.F.R. § 416.924(a)-(b). If the child is not doing substantial gainful activity, the evaluation proceeds to Step Two. 20 C.F.R. § 416.924(a).

At Step Two, the ALJ considers the child's physical or mental impairments to see if the child has an impairment or combination of impairments that is severe. 20 C.F.R. § 416.924(a). If the impairment or impairments are not severe, the child is not disabled and the evaluation stops. 20 C.F.R. § 416.924(a). If the impairment or impairments are severe, the evaluation proceeds to Step Three. 20 C.F.R. § 416.924(a).

At Step Three, the ALJ considers whether the child has an impairment or impairments that meets, medically equals, or functionally equals a listing. 20 C.F.R. § 416.924(a). If the child has such an impairment and it meets the duration requirement, the child is disabled. 20 C.F.R. § 416.924(a). If the child does not have such an impairment, or if it does not meet the duration requirement, the child is not disabled. 20 C.F.R. § 416.924(a).

A child's impairments will functionally equal a listing if they result in either a "marked" limitation in at least two of six enumerated domains of functioning or an "extreme" limitation in at least one of the domains. *Buckhanon ex rel. J.H. v. Astrue*, 368 F. App'x 674, 679 (7th Cir. 2010) (citing 20 C.F.R. § 416.926a). The six domains are as follows: 1) acquiring and using information; 2) attending and completing tasks; 3) interacting and relating with others; 4) moving about and manipulating objects; 5) caring for yourself; and 6) health and physical well-being. 20 C.F.R. § 416.926a. A "marked" limitation interferes "seriously" with a child's ability to initiate, sustain, or complete activities in the domain, and an "extreme" limitation interferes "very seriously." 20 C.F.R. § 416.926a(e)(2).

This Court's role in reviewing a disability decision is limited to ensuring that the ALJ applied the correct legal standards and that substantial evidence supports the ALJ's findings. *Barnett v. Barnhart*, 381 F.3d 664, 668 (7th Cir. 2004) (citation omitted). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (quotation omitted). The ALJ "need not evaluate in writing every piece of testimony and evidence submitted." *Carlson v. Shalala*, 999 F.2d 180, 181 (7th Cir. 1993). However, the "ALJ's decision must be based upon consideration of all the relevant evidence." *Herron v. Shalala*, 19 F.3d 329, 333 (7th Cir. 1994). Moreover, "[a]n ALJ may not select and discuss only that evidence that favors [his] ultimate conclusion, but must articulate, at some minimum level, [his] analysis of the evidence to allow the [Court] to trace the path of [his] reasoning." *Diaz v. Chater*, 55 F.3d 300, 307 (7th Cir. 1995).

If the ALJ committed no legal error and substantial evidence supports the ALJ's decision, the Court must affirm the denial of benefits. Otherwise, the Court must generally remand the matter back to the SSA for further consideration; only under rare circumstances can the Court actually order an award of benefits. *See Briscoe v. Barnhart*, 425 F.3d 345, 355 (7th Cir. 2005).

## II.
### RELEVANT BACKGROUND

J.D. was thirteen years old when K.D. filed an application for SSI benefits on his behalf in June 2013. [Filing No. 5-5 at 3.] The application alleges a disability onset date of September 1, 2002. [Filing No. 5-5 at 3.] J.D. has been diagnosed with arteriovenous malformation ("AVM"). [Filing No. 5-2 at 15.][2]

---

[2] The parties' briefs detail facts about medical treatment that J.D. has received. [Filing No. 11; Filing No. 14.] Because those facts implicate sensitive and otherwise confidential medical information concerning J.D., the Court will simply incorporate the facts by reference herein and articulate material facts as needed to resolve the parties' arguments.

4

Using the sequential evaluation set forth by the SSA, the ALJ issued a decision on April 17, 2015, finding as follows:

- At Step One, the ALJ concluded that J.D. had not engaged in substantial gainful activity since June 6, 2013. [Filing No. 5-2 at 15.]

- At Step Two, the ALJ concluded that J.D. had the severe impairment of AVM. [Filing No. 5-2 at 15.]

- At Step Three, the ALJ concluded that J.D. did not have an impairment or combination of impairments that met or medically equaled the severity of a listed impairment. [Filing No. 5-2 at 15.] The ALJ indicated that there is no listing for AVM, and that no medical opinion "establishes that the impairment medically equals a listing section in *Congenital Disorders that affect multiple body systems*, section 110.00, *et seq*." [Filing No. 5-2 at 15 (original emphasis).]

- The ALJ further determined that J.D. did not have an impairment or combination of impairments that functionally equaled the severity of a listed impairment. [Filing No. 5-2 at 15.] Specifically, the ALJ concluded that J.D. had the following: no limitation in acquiring and using information, [Filing No. 5-2 at 19]; less than marked limitation in attending and completing tasks, [Filing No. 5-2 at 20]; no limitation in interacting and relating with others, [Filing No. 5-2 at 21]; less than marked limitation in moving about and manipulating objects, [Filing No. 5-2 at 22]; no limitation in the ability to care for himself, [Filing No. 5-2 at 23]; and marked limitation in health and physical well-being, [Filing No. 5-2 at 23].

- Because of these findings, the ALJ concluded that J.D. was not disabled. [Filing No. 5-2 at 24.]

J.D. requested that the Appeals Council review the ALJ's decision, but that request was denied on August 15, 2016. [Filing No. 5-2 at 2.] That decision is the final decision of the Commissioner for purposes of judicial review, and J.D. now seeks relief from this Court. [Filing No. 1.]

## III.
### DISCUSSION

K.D. raises one challenge on appeal, but the Court will restructure it as two separate issues: (1) whether the ALJ conducted an insufficient analysis of whether J.D.'s impairments met or medically equaled a listing; and (2) whether the ALJ erred in his evaluation of K.D.'s statements regarding J.D.'s functioning. [Filing No. 11 at 8.] The Court will address the issues accordingly.

### A. Listing Section 110.00

K.D. argues that the ALJ "provides a two-sentence analysis as to why the severe impairment of [AVM] does not meet or medically equal the severity of section 110.00," and claims that such analysis is inadequate under the law. [Filing No. 11 at 8-9.] She further claims that "[t]he ALJ appears to be making an assumption that just because there were no medical opinions about medical equivalency[, then] there was no way a listing could be met." [Filing No. 11 at 9.] K.D. argues that the ALJ never discusses what parts of J.D.'s body are affected by AVM, and claims that "the ALJ did not base his analysis of whether the severe impairment functionally equaled a listing on substantial evidence." [Filing No. 11 at 9-10.]

In response, the Commissioner argues that K.D. does not identify which listing J.D.'s impairments met or equaled, and claims she cites to no evidence showing that J.D. met or equaled a listing. [Filing No. 14 at 8.] The Commissioner argues that the ALJ considered the listing section 111.00 for *Congenital Disorders*, and found that J.D. did not meet or equal any listing under that section. [Filing No. 14 at 9 (original emphasis).] She argues that later in the decision, the ALJ

6

gave great weight to four doctors, each of whom concluded that J.D. did not meet or equal a listing. [Filing No. 14 at 9.]

K.D. did not file a reply brief.

"In considering whether a claimant's condition meets or equals a listed impairment, an ALJ must discuss the listing by name and offer more than [a] perfunctory analysis of the listing." *Minnick v. Colvin*, 775 F.3d 929, 935 (7th Cir. 2015) (citations omitted). The listings set forth the criteria for qualifying impairments. *Id.* (citing 20 C.F.R. § 404.1525(a)). "A claimant may also satisfy a listing by showing that his impairment is accompanied by symptoms that are equal in severity to those described in the Listing," *Minnick*, 775 F.3d at 935 (citing 20 C.F.R. § 404.1526), or, in the case of a minor, that the claimant functionally equals a listing, *Brindisi ex rel. Brindisi v. Barnhart*, 315 F.3d 783, 795 (7th Cir. 2003). A determination of medical equivalence requires an expert's opinion on the issue. *Minnick*, 775 F.3d at 935 (citations omitted); 20 C.F.R. § 404.1526(c) ("When we determine if your impairment equals a listing, we consider . . . the opinion given by one or more medical . . . consultants designated by the Commissioner"); SSR 96-6p, 1996 WL 374180, *3 ("[L]ongstanding policy requires that the judgment of a physician (or psychologist) designated by the Commissioner on the issue of equivalence on the evidence before the administrative law judge or the Appeals Council must be received into the record as expert opinion evidence and given appropriate weight.").

Section 110.00 of the Listing of Impairments deals with non-mosaic Down syndrome and catastrophic congenital disorders. 20 C.F.R. § Pt. 404, Subpt. P, App. 1. A child diagnosed with non-mosaic Down syndrome is evaluated under Listing 110.06., whereas a child diagnosed with a catastrophic congenital disorder is evaluated under Listing 110.08. 20 C.F.R. § Pt. 404, Subpt. P, App. 1.

7

Under Step Three, the ALJ first noted that there is no listing for AVM, and then indicated that "there is no medical opinion in the medical evidence that establishes that the impairment medically equals a listing in *Congenital Disorders that affect multiple body systems*, section 110.00, *et seq*." [Filing No. 5-2 at 15 (original emphasis).] K.D.'s only challenge is that the ALJ failed to provide a proper analysis of any listings under section 110.00. [Filing No. 11 at 9.] Her argument is unavailing. First, although the ALJ provides a very short explanation regarding why J.D.'s impairments do not meet or equal a listing, K.D. does not set forth any evidence that demonstrates that J.D. medically equals a particular listing under section 110.00. It is K.D.'s duty to demonstrate that J.D.'s impairments meet a listing, and the ALJ's decision will be affirmed if it is supported by substantial evidence. *Ribaudo v. Barnhart*, 458 F.3d 580, 583 (7th Cir. 2006). Second, a determination of medical equivalence requires an expert's opinion on the issue. *Minnick*, 775 F.3d at 935. The ALJ in this case noted that there was no medical opinion that indicated that J.D. met a particular listing. Later in the decision, the ALJ further explained that four state agency consultants all opined that "while [J.D.'s] impairment was severe, it did not meet, medically equal, or functionally equal the listings." [Filing No. 5-2 at 18.] *See Rice*, 384 F.3d at 370 n.5 ("[I]t is proper to read the ALJ's decision as a whole, and . . . it would be a needless formality to have the ALJ repeat substantially similar factual analyses at [multiple] steps."). Accordingly, remand on this issue is not warranted.

### B. Credibility Analysis

K.D. argues that the ALJ did not conduct a proper credibility analysis of her testimony. [Filing No. 11 at 10.] She claims that "the ALJ discusses [K.D.'s] testimony in one paragraph despite the lengthy testimony actually given." [Filing No. 11 at 11.] K.D. claims that the ALJ

8

failed to address parts of her testimony that she claims demonstrate J.D. has additional limitations with respect to certain accommodations and his pain treatment. [Filing No. 11 at 12-13.]

In response, the Commissioner argues that the ALJ properly evaluated K.D.'s testimony with respect to J.D.'s functioning, and discussed it throughout the decision. [Filing No. 14 at 11.] The Commissioner claims that there were times that the ALJ set aside the state agency consultants' findings and heightened the amount of limitation assessed because of K.D.'s testimony regarding J.D.'s limitations and accommodations. [Filing No. 14 at 12.] The Commissioner further claims that the ALJ did take into account J.D.'s difficulties with medications, and that some of those findings also raised the degree of limitations assessed. [Filing No. 14 at 9.]

Because the ALJ "is in the best position to determine the credibility of witnesses," *Craft*, 539 F.3d at 678, this Court must afford the ALJ's credibility determination "considerable deference," overturning it only if it is "patently wrong," *Prochaska*, 454 F.3d at 738. The absence of objective evidence cannot, standing alone, discredit the presence of substantive complaints, *Parker v. Astrue*, 597 F.3d 920, 922-23 (7th Cir. 2010), but when faced with evidence both supporting and detracting from a claimant's allegations, "the resolution of competing arguments based on the record is for the ALJ, not the court[,]" *Donahue v. Barnhart*, 279 F.3d 441, 444 (7th Cir. 2002). In "determining the credibility of the individual's statements, the adjudicator must consider the entire case record," and a credibility determination "must contain specific reasons for the finding on credibility, supported by the evidence in the case record." *Prochaska*, 454 F.3d at 738.

The Court disagrees with K.D.'s position. Although the ALJ provided a short summary of K.D.'s testimony, [*see* Filing No. 5-2 at 16], he also incorporated her testimony – particularly dealing with J.D.'s capabilities, limitations, and pain – under each domain. For instance, under

9

acquiring and using information, the ALJ credited K.D.'s testimony that J.D. was in 10th grade and does well in school when discussing evidence that demonstrates that J.D. experienced no limitation, [Filing No. 5-2 at 19]; under attending and completing tasks, the ALJ gave little weight to the four physicians' opinions indicating that J.D. had no limitation, in part because K.D. testified that J.D. had difficulty focusing when his pain became severe, [Filing No. 5-2 at 20]; under interacting and relating with others, the ALJ assigned little weight to two physicians' opinions that gave greater limitations because those opinions were not supported by other evidence, including K.D.'s testimony that J.D. socializes at school two days a week and sometimes invites friends over to the house, [Filing No. 5-2 at 21]; under moving about and manipulating, the ALJ gave little weight to two physicians' opinions indicating he had no limitation because those assessments contradicted other evidence, including K.D.'s testimony that J.D. stays in bed if he is experiencing pain, [Filing No. 5-2 at 22]; under caring for yourself, the ALJ credited K.D.'s testimony that J.D. can engage in a number of activities that demonstrate that he can maintain independent care, [Filing No. 5-2 at 23]; lastly, under health and physical well-being, the ALJ determined that J.D. has "marked limitations," noting that he experiences pain, although it is generally manageable with over-the-counter medications, requires sclerotherapy when the pain and swelling intensify, misses school excessively, and experiences chronic pain with flare-ups, [Filing No. 5-2 at 24].

K.D. also claims that the ALJ failed to take into account a "504 plan" that the school prepared for J.D., but then cites to a letter from J.D.'s physician that provides a list of recommended accommodations in order for J.D. to "access learning in the educational setting . . . ." [Filing No. 5-10 at 35.] K.D. does not explain, and the Court fails to see, how these recommendations alter the ALJ's credibility findings given that the ALJ addressed and incorporated into his decision *actual* accommodations that J.D. received based on K.D.'s

testimony, the physicians' opinions, and medical records. Moreover, J.D. does not explain how the recommended accommodations demonstrate that J.D. is in fact more limited. Accordingly, the Court finds no reason to remand the ALJ's decision.

## IV.
### CONCLUSION

"The standard for disability claims under the Social Security Act is stringent." *Williams-Overstreet v. Astrue*, 364 F. App'x 271, 274 (7th Cir. 2010). "The Act does not contemplate degrees of disability or allow for an award based on partial disability." *Id.* (*citing Stephens v. Heckler*, 766 F.2d 284, 285 (7th Cir. 1985)). "Even claimants with substantial impairments are not necessarily entitled to benefits, which are paid for by taxes, including taxes paid by those who work despite serious physical or mental impairments and for whom working is difficult and painful." *Williams-Overstreet*, 364 F. App'x at 274. Taken together, the Court can find no legal basis presented by K.D. to reverse the ALJ's decision that J.D. was not disabled during the relevant time period. Therefore, the decision below is **AFFIRMED**. Final judgment shall issue accordingly.

Date: June 19, 2017

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

Michael G. Myers
mgmyers10@sbcglobal.net

Kathryn E. Olivier
UNITED STATES ATTORNEY'S OFFICE
kathryn.olivier@usdoj.gov